UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Daniel R. Muccio,                                                                              Civil No. 06-2521  RHK/AJB

            Petitioner,

v.

                                       **REPORT AND RECOMMENDATION**

R.L. Morrison,

            Respondent.

       This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1]. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). Petitioner commenced this action seeking an order requiring the Bureau of Prisons to immediately consider his halfway house eligibility and to allow him additional halfway house placement and/or home confinement time. Petitioner challenges the BOP's method of determining when a prisoner should be transferred into a community corrections center (CCC), i.e. halfway house, such that an inmate's CCC or home confinement placement is limited to the last ten percent of the sentence being served, not to exceed six months.[1] Petitioner contends that the BOP's CCC placement policy fails to take his

---

[1] 18 U.S.C. § 3624(c) states in pertinent part:
    The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

1

individual needs and circumstances into account in determining the length of transitional confinement. Mr. Muccio is an inmate at the Federal Prison Camp in Duluth, Minnesota, and is serving a 30 month sentence imposed by United States District Court Judge Richard H. Kyle on a conviction in the District of Minnesota. His projected release date, with good time, is December 23, 2007, approximately 19 months from the date of the petition. He asserts that he has been told that he will be entitled to approximately two months halfway house custody time.

The present action is one of a number of such cases commenced by prisoners who have challenged a BOP regulation that limited an inmate's eligibility for pre-release CCC placement to ten percent of the sentence, not to exceed six months. This policy categorically precluded certain prisoners, including the petitioner in this matter, from receiving halfway house placement for a length of time greater than ten percent of the sentence, though such time is less than the six month maximum allowed under 18 U.S.C. § 3624(c). The prisoners contend that application of this policy runs contrary to a requirement that the BOP exercise its discretion regarding placement on a case-by-case basis, thereby making halfway house placement decisions based upon consideration of the nature and circumstances of the inmate's offense, the history and characteristics of the prisoner, and any statement or placement recommendation by the court that imposed the sentence. 18 U.S.C. § 3621(b).[2]

---

Petitioner has filed essentially boilerplate prison pleadings regarding halfway house placement which have been modified slightly to reflect some particular circumstances relating to the filing prisoner. The memorandum discusses <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006), a case addressing the 10 per cent placement question which was ultimately decided in the prisoner's favor and is addressed in this memorandum. The prisoner's memorandum refers to <u>Fults</u> both as a decided case and as a pending matter.

[2] 18 U.S.C. § 3621(b) states in pertinent part:
The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The

The Eighth Circuit Court of Appeals recently issued its decision in <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006), therein holding that the Bureau of Prison's regulation limiting halfway house placement to no more than ten percent of a prisoner's sentence is in conflict with 18 U.S.C. § 3621(b) and is invalid. Under the <u>Fults</u> decision the BOP may not categorically determine the amount of halfway house placement time that a prisoner will be allowed, but rather, the BOP must exercise its discretion on a case-by-case basis and must consider the particular circumstances relating to the individual prisoner.

With respect to the prisoner in the present case, Mr. Muccio, the BOP has not yet considered the particular circumstances relating to the individual inmate, but petitioner is advised that the requisite review will be conducted 11 to 13 months prior to his projected release date. Pursuant to <u>Fults v. Sanders</u> the BOP is required to make an individualized determination and cannot exercise "categorical discretion." The Bureau of Prisons' use of a mathematical calculation in determining Mr. Muccio's halfway house placement date would not be a proper method in which to exercise its discretion, and the petitioner is therefore entitled to individualized consideration of his CCC eligibility

---

> Bureau may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable, considering–
> (1) the resource of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed sentence–
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate;

date by the BOP.  However, neither <u>Fults</u> not any other authority to which the court has been alerted requires that the BOP conduct its final halfway house eligibility review, or immediately transfer a prisoner to a halfway house or to home confinement, on demand by the prisoner.  <u>See</u> <u>Elwood v. Jeter</u>, 386 F.3d 842, 847 (8th Cir. 2004)(BOP has discretion to transfer prisoners at any time during their incarceration, but the obligation to place prisoners in an environment that affords them the opportunity to prepare for re-entry does not extend beyond the last six months of the sentence).

In its response to the petition in this matter the Bureau of Prisons advises the court that it has changed is position on halfway house placement in light of the reasoning in the <u>Fults</u>, and has expressly stated that it will follow the guidelines and policy on halfway house placement that existed before 2002, a policy that permits halfway house placement without limitations that are challenged in this action.[3]  The respondent does not oppose the petition to the extent that it seeks BOP reconsideration of the date on which Mr. Muccio should be assigned to a halfway house without regard to 28 C.F.R. §§ 570.20 and 570.21, but opposes any requirement for immediate eligibility review or early halfway house transfer or home confinement placement.

The magistrate judge concludes that with respect to Mr. Muccio's petition for immediate BOP consideration of his halfway house eligibility, this § 2241 petition should be denied, and with regard to petitioner's request that the BOP be ordered to consider his eligibility for additional halfway house time based upon special circumstances, the petition should be granted.

---

[3] The BOP indicates that although its present policy does not limit halfway house placement to six months or ten percent of the sentence, whichever is less, those cases in which more than six months halfway house placement would be granted must be "highly unusual" and require extraordinary justification.

Based upon the foregoing discussion, along with the petition and memorandum response, **IT IS HEREBY RECOMMENDED** that petitioner Daniel R. Muccio's Petition for Writ of Habeas Corpus be **granted in part and denied in part**. [Docket No. 1]. The petition should be granted to the extent Mr. Muccio requests a halfway house eligibility determination without regard to 28 C.F.R. §§ 570.20 and 570.21. The petition should be denied to the extent petitioner seeks immediate determination of his halfway house eligibility date or home confinement eligibility. The BOP should not be required to conduct immediate eligibility review but rather shall conduct its review 11 to 13 months before the inmate's projected release date, pursuant to policy set forth in Program Statement 7310.04, page 7, Community Corrections Center (CCC) Utilization and Transfer Procedures which is already in effect.

Dated:     July 21, 2006

   s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before August 8, 2006. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.